IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv126 |
| ERIK K. WHITE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Herman Lee Kindred, an inmate confined at the Bell County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to be attempting to proceed with this matter on an *in forma pauperis* basis. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least three f plaintiff's prior lawsuits or appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] As a result, plaintiff may only proceed with this lawsuit on an *informa pauperis* basis if he was in imminent danger of serious physical harm on the day he filed this lawsuit.

To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing physical injury, or a pattern of misconduct that is likely to cause

---

[1] *Kindred v. Morris*, No. 6:92cv124 (W.D. Tex. Sept. 25, 1992) (dismissed for failure to state a claim); *Kindred v. Bell County, Texas*, No. 6:93cv350 (W.D. Tex. Nov. 5, 1993) (dismissed as frivolous); *Kindred v. Miller*, No. 6:93cv427 (W.D. Tex. June 15, 1994) (dismissed as frivolous).

imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet plaintiff's burden. *White v. Colorado*, 157 F.3d 1231-32 (10th Cir. 1998). Further, allegations of past harm do not suffice as a basis for an exception to the bar imposed by Section 1915(g). Instead, the harm must be imminent or occurring at the time the complaint or notice of appeal is filed, and the exception refers to "genuine emergencies" where "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Plaintiff's allegations concern events which occurred at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. As stated above, plaintiff is now at the Bell County Jail. As a result, plaintiff's allegations fail to demonstrate he was in imminent danger of serious physical harm on the date he filed his complaint. He is therefore barred from proceeding with this lawsuit on an *in forma pauperis* basis.

## Recommendation

This lawsuit should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 3rd day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge